

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-5191
Re: Has the Commissioners' Court
of Ector County the legal power
to establish closing hours for
the sale of beer in harmony
with a contemplated ordinance
having the same effect to be
passed by the City Council of
the City of Odessa which is
situated within Ector County?

Your letter of April 7, 1943, requesting the opinion of this department on the above stated question reads as follows:

"The Honorable A. H. Dennison, Judge of Ector County, Texas, has made request that an opinion be asked from you as to whether the Commissioners' Court of a county has the legal power to establish closing hours for the sale of beer in harmony with a contemplated ordinance having the same effect to be passed by the City Council of the City of Odessa, situated within Ector County.

"In other words, it is the desire of the Commissioners' Court to establish 'curfew hours' for the sale of beer in areas of the county situated outside of incorporated city limits, in the event the City of Odessa by ordinance establishes closing hours within the City."

Article 667-10, Vernon's Annotated Penal Code provides:

"(a) It shall be unlawful for any person to sell beer or offer same for sale between the hours

Honorable Bert Ford, Page 2

of 12:00 o'clock midnight and 7:00 a. m. of any
day or from and after 12:00 o'clock midnight Sat-
urday until 7:00 a. m. Monday of the following
week; provided, however, that any holder of a
Retail Dealer's License or a Wine and Beer Re-
tailer's Permit shall, upon showing to the satis-
faction of the County Judge that he is engaged
also in the sale of food and other commodities
for human consumption, and that the sale of bev-
erages for which a license is required does not
during such prohibited hours normally in the
course of any one week's time amount in dollars
and cents to more than the sale value of food
and other commodities for human consumption sold
by such licensee during such hours, be entitled
without being required to pay any fee therefor,
to a supplementary license authorizing him to
sell such beverages during any hour of any day.
Said supplementary license shall be on a form
furnished by the Board or Administrator and upon
being issued shall be attached to and become a
part of basic license of the holder, and such
supplementary license shall expire with the li-
cense of which it is a part; provided further,
that the Board or its representatives may at any
time make inquiry into the business of such holder;
and unless it can be shown by the licensee that
his sales of alcoholic beverages are not exceeding
in value the sales of food and other commodities
for human consumption during the hours referred
to in this provision, the Board or Administrator
is authorized after notice and hearing to issue
an order revoking such supplementary license, and
the holder of a license so revoked shall not be
entitled to a supplementary license for six (6)
months thereafter.

"It is provided that during the period of
thirty (30) days after the effective date of this
Act as to all persons authorized to sell beer at
retail, and during a period of thirty (30) days
after the issuance thereof as to any new license
or permit authorizing such sale (but not as to
any renewal) it shall be presumed that the prin-
cipal business of the licensee or permittee is
not the sale of alcoholic beverages; and during

such period of time as against any particular licensee or permittee the restrictions of this Section and Section 2 of this Article shall not apply.

"(b) It shall be unlawful for any person to make any sale of beer anywhere in this State on the day of any general primary election or general election held in this State between the hours of 7:00 a. m. and 8:00 p. m. of the day; provided, however, that the holder of a Manufacturer's License or a Distributor's License may make deliveries at wholesale during such hours to the bona fide holders of licenses or permits to sell beer, but shall not make any sales or deliveries to any other person."

Article 667-10½, Vernon's Annotated Penal Code, reads in part as follows:

". . . .

"All incorporated cities and towns are hereby authorized to regulate the sale of beer within the corporate limits of such cities and towns by charter amendment or ordinance and may thereby prescribe the opening and closing hours for such sales; such cities and towns may also designate certain zones in the residential section or sections of said cities and towns where such regulations for opening and closing hours for the sale of beer shall be observed or where such sales may be prohibited."

It is well established in this State that the commissioners' court have only such power and authority as is expressly conferred by the Constitution and the laws of this State or the power and authority necessarily implied therefrom.

The Legislature or Constitution has not conferred upon the commissioners' courts any power to fix the opening and closing periods for the sale of beer. Therefore, we answer the above stated question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED APR 26, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

AW:db

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN